## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### REID AND OTHERS v. PENFIELD.

#### March 16, 1916.

1. TAX DEED—*Annulment—Fraud and Concealment by Purchaser—Code, Section 661—Case in Judgment.*—The evidence in the case in judgment shows that throughout the transactions between the former owner and the purchasers at the tax sale of the land in controversy, the purchasers were engaged in an effort to suppress and conceal the information, which they alone possessed, in order to defeat the redemption of the land within the time prescribed by law, and the deed to the purchasers at such sale was rightly set aside under the provision of section 661 of the Code declaring that the purchaser's tax deed shall be defeated by proof "that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser."

2. WAIVER—*Conduct—Case in Judgment.*—If, in the case in judgment, there was any lack of authority on the part of the person who acted as agent for the former owner, it was waived by the conduct of the purchasers at the tax sale.

Appeal from a decree of the Circuit Court of Campbell county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Coleman, Easley & Coleman,* for the plaintiffs in error.

*F. W. Whitaker* and *Smeltzer V. Kemp,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed in August, 1913, by the appellee, Anne W. Penfield, for the purpose of having set aside

and annulled a tax deed,. dated July 12, 1913, from S. C. Goggin, clerk of the Circuit Court of Campbell county, conveying to the appellants a tract of land containing two hundred and fifty acres, purchased by them at a sale thereof for delinquent taxes, upon the ground that the owner had been prevented from redeeming the land, within the time prescribed by law, by the fraud and concealment of the purchasers.

It appears from the record that William Weightman, a very wealthy citizen of Philadelphia, bought the land in controversy at a trustee's sale, made under a decree of the Circuit Court of Campbell county, for the sum of eight thousand dollars, and received from the court a deed therefor dated October 6, 1910, which was duly recorded in that county. It further appears that William Weightman subsequently died leaving a will by which he gave his entire estate, including the farm in question, to the appellee, who was his daughter. It further appears that Hampton L. Carson, a prominent lawyer of Philadelphia, was counsel for this Weightman estate, which was worth many millions and consisted in large part of numerous real estate holdings located in different parts of the country. It further appears that through some inadvertence, the land in controversy became delinquent for the taxes for the year 1909, and was sold at a tax sale and bought by the appellants. There was due the purchasers, in order to redeem the land in June, 1913, the sum of $46.95, so far as the records disclosed. The first information that the attorney for the Weightman estate had that the tax for 1909 was delinquent and that the farm had been sold to satisfy the same was through a letter, dated May 20, 1913, from one R. T. Harrison, who had at one time had an option on the land. The redemption period did not expire until June 28, 1913, and as soon as he knew of the situation, the attorney for the estate commenced by letter and telegram seeking the information necessary for him to redeem. He received from S. G. Goggin, the clerk of Campbell county, a statement from the records of his office showing that the amount

necessary to redeem was $46.95. He immediately returned the clerk a check for that sum, which the appellants refused to receive upon the ground that it was not sufficient.

The statute, Code, section 650, provides that the owner must, in order to redeem, pay not only the amount shown of record to be due, but also must pay any such additional taxes, levies, costs and charges as the purchaser may have paid since the sale, with interest. Whatever additional costs and charges there may have been were known alone to the purchaser and could not be paid by the owner unless the purchasers disclosed the amount; hence the provision of the Code, section 661, that the purchaser's tax deed shall be defeated by proof "that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser."

It appears that S. G. Goggin, the clerk, repeatedly applied to R. E. Reid, one of the appellants, who appears to have been the active participant in this matter, on behalf of the Weightman estate, for the information in his possession, which was necessary to enable the estate to redeem the property but failed to elicit the desired information. Reid admits that Goggin approached him on the subject three or four times. Carson, the attorney for the estate, says that he regarded Goggin as his representative in the matter. Goggin says that he did not consider himself as acting in the capacity of agent for Mr. Carson, but that he was doing what he did as a matter of courtesy, merely doing one of those usual kindly offices that a public man is willing to undertake for the accommodation of people; that he was doing for Mr. Carson as he would have done for any other gentleman. It is, in our opinion, immaterial whether Goggin was acting as agent or was merely doing a friendly act, for it nowhere appears that Reid ever, at any time, objected to giving Goggin the information he sought upon the ground that he did not have the right to ask for it; on the contrary, he recognized Goggin's right to obtain the information, repeatedly saying that he would have made him a state-

ment containing the desired information if he had asked for it. If Reid had been relying upon any lack of authority in Goggin to ask him for the information, his course in the matter, which was well calculated to mislead and lull Goggin into a false security, was a waiver of any objection to Goggin's right to ask him for the information.

We deem it unnecessary to recite in detail the evidence adduced in this case. It is sufficient to say that upon careful consideration of it we are of opinion that it cannot be read by anyone with an open mind, without the conviction being reached that throughout these transactions appellants were engaged in an effort to suppress and conceal the information, which they alone possessed, in order to defeat the redemption of the land within the time prescribed by law. The learned judge of the circuit court, who was acquainted with the witnesses and all of the facts and circumstances, has upon due consideration entered a decree holding that the appellee was prevented by fraud and concealment on the part of the appellants from redeeming her land within the time prescribed by law; and further holding that the tax deed under which appellants claim should be set aside and declared void and of no effect, as constituting a cloud upon appellee's title. The decree then directs a commissioner to ascertain what amounts were paid by them after the tax sale and prior to June 10, 1913, and the interest on such sums.

We are of opinion that there is no error in this decree, and it is affirmed.

*Affirmed.*